**FILED**
AUG 1 0 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:22-CR-00445-SRC-SRW |
| KYLE MATHEW BRAY, | ) |
| Defendant. | ) |

## INDICTMENT

### COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defined the term:

   a. "minor" to mean any person under the age of eighteen years (18 U.S.C. §2256(1));

   b. "sexually explicit conduct" to mean actual or simulated—

      i. sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

      ii. bestiality,

      iii. masturbation,

      iv. sadistic or masochistic abuse, or

      v. lascivious exhibition of the anus, genitals, or pubic area of any person (18 U.S.C. §2256(2)(A));

    c.    "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C. §2256(6));

    d.    "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

    (A)    the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

    (C)    such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C. §2256(8)).

2. The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3. Between on or about May 1, 2022, and on or about May 23, 2022, within the Eastern District of Missouri and elsewhere,

**KYLE MATHEW BRAY,**

the defendant herein, did knowingly receive using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including computer, graphic image files that contained images of child pornography, to wit, defendant knowing received via the internet image files of child pornography including, but not limited to, the following:

    a.    "1_5138940717694976291.mp4," a graphic video file that depicts, in part, a male inserting his penis into the mouth of a prepubescent minor;

    b.    "1_4949889971155632333.mp4," a graphic video file that depicts, in part, a male inserting his penis into the mouth of a prepubescent minor female; and

    c.    "1_4956486220583535351.mp4," a graphic video file that depicts, in part, a male inserting his penis into the anus of a toddler, who was a prepubescent minor male;

In violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT II

The Grand Jury further charges that:

Between on or about May 8, 2022, and on or about May 23, 2022, in the Eastern District of Missouri,

**KYLE MATHEW BRAY,**

the defendant herein, did knowingly possess material that contained an image of child pornography that was produced using materials that traveled in interstate and foreign commerce, to wit, a OnePlus Nord N200 5G cell phone, said cell phone having been produced outside of Missouri and, therefore, having traveled in interstate and foreign commerce, and said cell phone contained child pornography, including but not limited to, the following:

    a.    "IMG_20220508_100649," a graphic image file that depicts, a prepubescent minor's vagina; and

    b.    "IMG_20220508_100732," a graphic image file that depicts, in part a nude prepubescent minor male with an erect penis;

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, § 2253, upon conviction of an offense in violation of Title 18, United States Code, § 2252A(a)(2) as set forth in Count I of the Indictment, and Title 18, United States Code, § 2252A(a)(5)(B) as set forth in Count II of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2. Specific property subject to forfeiture includes, but is not limited to, the following:

    a. OnePlus Nord N200 5G cell phone (serial number: b84dcc4a).

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney


_____
ROBERT F. LIVERGOOD, #35432MO
Assistant United States Attorney